UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL CHRISTIAN PETTIT,

Defendant.

Case No. 26-CR-149 (MJD/LIB)

**DANIEL PETTIT'S MOTION TO SUPPRESS STATEMENTS**

Daniel Pettit, through counsel, moves this Court for an order suppressing his statements made on May 17, 2026, because the statements are the fruit of an illegal arrest.

On May 17, 2026, St. Louis County Sheriff's Deputies were investigating the alleged shooting of an airplane two days prior on May 15. Law enforcement believed Mr. Pettit was involved. A number of law enforcement vehicles were positioned on the road in front of Mr. Pettit's home. Law enforcement did not have a search warrant for Mr. Pettit's home nor an arrest warrant for Mr. Pettit. At approximately 2:46 pm law enforcement believed they heard a gunshot coming from Mr. Pettit's five-acre rural property. Additional law enforcement were called to the residence and Mr. Pettit was ordered out of his home at gunpoint and arrested. He was then driven to the St. Louis County law enforcement center where he was Mirandized and questioned by local law enforcement and the FBI.

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *United States v. Guevara*, 731 F.3d 824, 832 (8th Cir. 2013). "Probable

cause to make a warrantless arrest exists 'when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013) (quoting *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011)). Put another way, "[p]robable cause for a warrantless arrest depends upon whether, at the moment the arrest was made, the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *United States v. Tovar-Valdivia*, 193 F.3d 1025, 1028 (8th Cir. 1999) (cleaned up). Once police have probable cause to believe a suspect has committed a felony, they can arrest the suspect without a warrant in a public place. *United States v. Watson*, 423 U.S. 411, 421–24 (1976).

Additional analysis is required when, as in this case, the warrantless arrest occurred at a person's home. "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (quoting *Groh v. Ramirez*, 540 U.S. 551, 559 (2004)). "At the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Kyllo v. United States*, 533 U.S. 27, 31 (2001). "The Fourth Amendment generally prohibits police from entering a home without a warrant unless the circumstances fit an established exception to the warrant requirement." *United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007) (quotation marks omitted). *See also Payton v. New York*, 445 U.S. 573, 590 (1980) ("the

Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."). The area "immediately surrounding and associated with the home," referred to as the "curtilage" is "part of the home itself for Fourth Amendment purposes." *Florida v. Jardines*, 569 U.S. 1, 6 (2013). While the officers' entry at Mr. Pettit's home may not have been primarily motivated by a desire to search the home, "the Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects." *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990).

Hearing what officers believed was a single gunshot coming from Mr. Pettit's rural home did not create an exigent circumstance to allow law enforcement to ignore the warrant requirement. Mr. Pettit was never charged with discharging a firearm on May 17, 2026, nor did law enforcement recover any evidence that Mr. Pettit directed a gunshot at law enforcement. Law enforcement's arrest of Mr. Pettit without a warrant violated his fourth Amendment rights. There is a heavy burden on the Government to show an exception. *United States v. Evans*, 178 F4th 416, 421 (8th Cir. 2026). As a result of the violation of Mr. Pettit's Fourth Amendment rights, the evidence obtained from him during his subsequent statements to law enforcement are the fruit of an illegal seizure and must be suppressed. *See Brown v. Illinois*, 422 U.S. 590, 602–03 (1975).

Dated: October 14, 2026.

Respectfully submitted,

*s/Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Mr. Pettit
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858
aaron_morrison@fd.org