UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL CHRISTIAN PETTIT,

Defendant.

Case No. 26-CR-149 (MJD/LIB)

**DANIEL PETTIT'S MOTION TO SUPPRESS SEARCH AND SEIZURE**

---

Daniel Pettit, through counsel, moves this Court for an order suppressing the evidence recovered during the search of his home on May 17, 2026, because the search was the fruit of an illegal arrest and search.

On May 17, 2026, St. Louis County Sheriff's Deputies were investigating the alleged shooting of an airplane on May 15, 2026. Law enforcement believed Mr. Pettit was involved. Mr. Pettit lives in rural St. Louis County on approximately five-acres. His home is a very small single-story structure. There are also a number of smaller outbuildings and a semi-trailer on the property. At approximately 2:00 pm law enforcement vehicles were positioned on the public road in front of Mr. Pettit's home. Law enforcement did not have a search warrant for Mr. Pettit's home.

At approximately 2:46 pm law enforcement believed they heard a gunshot from Mr. Pettit's property. Additional law enforcement personnel were called to the residence and about an hour later Mr. Pettit was ordered out of his home at gunpoint and arrested in his driveway without incident. Upon his arrest, Mr. Pettit reported to law enforcement that

there was nobody else at the home.

Body Worn Camera video appears to show that law enforcement then entered his home a little after 5:00 pm. BWC further shows law enforcement searching the home and outbuildings for the next hour. At 6:58 pm a search warrant was signed authorizing the search of Mr. Pettit's home. Law enforcement then searched his home again and seized a number of items including firearms and cellular phones.

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (quoting *Groh v. Ramirez*, 540 U.S. 551, 559 (2004)). "At the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Kyllo v. United States*, 533 U.S. 27, 31 (2001). "The Fourth Amendment generally prohibits police from entering a home without a warrant unless the circumstances fit an established exception to the warrant requirement." *United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007) (quotation marks omitted). *See also Payton v. New York*, 445 U.S. 573, 590 (1980) ("the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."). The area "immediately surrounding and associated with the home," referred to as the "curtilage" is "part of the home itself for Fourth Amendment purposes." *Florida v. Jardines*, 569 U.S. 1, 6 (2013).

First as argued in Mr. Pettit's motion to suppress his statement, he was arrested without a warrant. And, as he argued in his motion to suppress his statement that arrest

was done without probable cause. Because his arrest was illegal, the subsequent search was also illegal.

Beyond the illegal arrest of Mr. Pettit, law enforcement's search of his residence for over an hour without a warrant was also illegal. Undoubtedly, the Government will attempt to rely on the officer safety exception to the warrant requirement to justify this nearly hour long warrantless search. *See United States v. Kuenstler*, 325 F.3d 1015, 1021 (8th Cir. 2003) ("Exigent circumstances exist where law enforcement officers have a legitimate concern for the safety of themselves or others." "[S]omeone having a gun in their home does not create an exigency on its own." *United States v. Williams*, 77 F.4th 1197, 1199 (8th Cir. 2023) (citing *United States v. Quarterman*, 877 F.3d 794, 798 (8th Cir. 2017)). The events of this case come nowhere close to circumstances in which courts have found a warrantless entry reasonable based on a legitimate concern for the safety of officers or others. *See, e.g., United States v. Henderson*, 553 F.3d 1163, 1164-65 (8th Cir. 2009) (warrantless search justified where officers had information that suspect was armed with a gun and his wife in a bedroom after threatening to kill a man whom he believed had been with her); *United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1029 (8th Cir. 2007) (concluding warrantless entry into the home was reasonable to ensure defendant did not seriously injure or kill himself because officers had reliable information that defendant had locked himself in a bedroom with a gun and was very upset over the disintegration of his marriage).

Simply hearing what law enforcement believed was a single gunshot from Mr. Pettit's rural home did not create an exigent circumstance to allow law enforcement to

ignore the warrant requirement. When he was arrested, he told law enforcement nobody else was in the home. Additionally, law enforcement had no information suggesting another person was in the home with Mr. Pettit. Exigency was not present in this case. Any attempt to save this search on exigency grounds also fails due to the fact that the near hour long search of the small home falls well outside of the type of search the Fourth Amendment allows for officer safety. Law enforcement extensive pre-warrant search of Mr. Pettit's home was a violation of his Fourth Amendment rights. The evidence obtained during the subsequent search is fruit of an illegal seizure and must be suppressed. *See Brown v. Illinois*, 422 U.S. 590, 602–03 (1975).

Dated: October 14, 2026.

Respectfully submitted,

*s/Aaron J. Morrison*
AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Mr. Pettit
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858
aaron_morrison@fd.org