UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL CHRISTIAN PETTIT,

Defendant.

---

Case No. 26-CR-149 (MJD/LIB)

**DANIEL PETTIT'S MOTION TO DISMISS COUNT 2**

Daniel Pettit, through counsel, moves this Court for an order dismissing Count 2. Count 2 charges Mr. Pettit with the discharge of a firearm, pursuant to 18 U.S.C. § 924(c), while committing the crime of attempting to wreck, damage, or destroy an aircraft in the special aircraft jurisdiction of the United States. *See* 18 U.S.C. § 32(a)(1). Mr. Pettit submits that section 32(a)(1) is not a crime of violence within the ambit of section 924(c).

Section 924(c)(3) defines "the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *United States v. Davis*, 588 U.S. 445, 449 (2019). A crime of violence under § 924(c)(3) is an "offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the or properly of another may be used in the course of committing the offense.

The Supreme Court in Davis held that § 924(c)(3)(B)—the residual clause—was unconstitutionally vague. Davis, 588 U.S. at 454–55, 470. In Taylor the Supreme Court

used the categorical approach to hold that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause in § 924(c)(3)(A). *United States v. Taylor*, 596 U.S. 845, 850–52 (2022). The categorical approach bars consideration of the facts of the defendant's crime and instead directs courts that the "only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* Because a person could commit attempted Hobbs Act robbery without even threatening force, the Court held that it did not satisfy the elements clause. *Id.* at 851–52.

While the alleged conduct, firing a gun at a flying airplane is arguably violent, this Court must still consider whether the crime, in general, plausibly covers any non-violent conduct. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Only if the plausible applications of the statute of conviction all require the use or threatened use of force can a person be guilty of a crime of violence.

In the context of section 32(a), circuit review is limited. In *United States v. McGuire*, 706 F.3d 1333 (11th Cir. 2013), the court found section 32(a)(1) is a crime of violence. Because Counsel was unable to find a similar Eighth Circuit case, Mr. Pettit raises the issue here and will follow the analysis in *McGuire*, but argue a different conclusion is demanded.

The charge in this case requires the Government to prove attempting to damage or disable an aircraft in the "special aircraft jurisdiction of the United States." The special aircraft jurisdiction is is defined as an "aircraft in flight," 49 U.S.C. § 46501(2), which is further defined as encompassing the time "from the moment all external doors are closed

following boarding through the moment when one external door is opened to allow passengers to leave." § 46501(1)(A). In other words, Mr. Pettit must be convicted attempting to damage or disable an aircraft that was either flying or else ready to take off or arriving at a destination with people on board.

Like, the defendant in *McGuire*, Mr. Pettit focuses on one version of the offense—"disabl[ing] an aircraft"—and argues that it does not necessarily involve the use of force or a serious risk that force will be involved. To that end there are a number of acts a person could do to disable the aircraft in some way, disconnecting circuitry, disabling the radio transponder, interfering with the aircraft's radio equipment while the plane is in the air to name a few. While those acts may create inconvenience for the airplane the acts do not necessarily require a use of force or even create a serious risk.

Because there is a way that section 32(a)(1) can be committed that does not require the use, attempted use, or threatened use of force section 32(a)(1) is not a crime of violence and section 924(c) must be dismissed.

Dated: October 14, 2026.

Respectfully submitted,

*s/Aaron J. Morrison*
AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Mr. Pettit
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5858
aaron_morrison@fd.org